IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JEREMIAH D. PONDER, | : | |
| Plaintiff, | : | |
| VS. | : | NO. 5:25-cv-00185-TES-CHW |
| GEORGIA BLOODSAW, | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER OF DISMISSAL

Plaintiff Jeremiah Ponder, a prisoner in Macon State Prison in Oglethorpe, Georgia, filed a *pro se* complaint seeking relief pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff also moved for leave to proceed in this action *in forma pauperis*. ECF No. 2. For the reasons discussed below, the Court **DENIES** Plaintiff's motion for leave to proceed *in forma pauperis* and **DISMISSES** this action **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time a court dismisses his federal lawsuit or appeal on the grounds that it (1) is frivolous, (2) is malicious, or (3) fails to state a claim. *See Medberry*

*v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render a dismissal a strike"). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Medberry*, 185 F.3d at 1192.

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed multiple federal lawsuits and that at least three of his complaints or appeals have been dismissed as frivolous, malicious, or for failure to state a claim. *See, e.g.,* Order Dismissing Compl., *Ponder v. Keyth*, Case No. 1:18-cv-2761-LMM (N.D. Ga. July 16, 2018), ECF No. 5 (adopting recommendation to dismiss § 1983 complaint for failure to state a claim); Order Dismissing Compl., *Ponder v. LaGrua*, Case No. 1:18-cv-03042-LMM (N.D. Ga. Sept. 15, 2018), ECF No. 13 (adopting recommendation to dismiss § 1983 complaint for failing to state a claim); Order Dismissing Compl., *Ponder v. Allen*, Case No. 1:18-cv-03207-LMM (N.D. Ga. Sept. 15, 2018), ECF No. 8 (recharacterizing Plaintiff's filing as § 1983 claim (per Plaintiff's objections) and dismissing pursuant to 28 U.S.C. § 1915A for failure to state a claim)).[1] Plaintiff therefore may not prosecute this action *in forma pauperis* unless

---

[1]The Court notes that the Northern District specifically advised Plaintiff that "if, while incarcerated, he has one more civil action or appeal dismissed on the basis that it is frivolous, malicious, or fails to state a claim upon which relief may be granted (like the -*3042 Case* and the *-3207 Case*), he will become subject to the filing restrictions in 28

he is in imminent danger of serious physical injury.   28 U.S.C. § 1915(g).

To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted).   Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193.   Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998).   The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

---

U.S.C. § 1915(g) . . . ."   *See* Order, *Ponder v. Allen,* Case No. 1:18-cv-03207-LMM (N.D. Ga. Sept. 5, 2018), ECF No. 8.   At that time, however, at least one of Plaintiff's additional cases—Case No. 1:18-cv-2761-LMM—had already been dismissed for failure to state a claim and thus counted as a strike.   In addition, it appears Plaintiff may have incurred at least two additional strikes.   Plaintiff filed two other cases at the same time he filed Case No. 1:18-cv-2761-LMM: Case No. 1:18-cv-2762-LMM (N.D. Ga. June 4, 2018) and Case No. 1:18-cv-2763-LMM (N.D. Ga. June 4, 2018).   Although the United States Magistrate Judge noted that Case No. 1:18-cv-2762-LMM consisted of two motions with "no stand-alone claims" and Case No. 1:18-cv-2763-LMM appeared to be an improper appeal of Plaintiff's state court conviction, the court dismissed both cases for failure to state a claim upon which relief may be granted.   *See* Recommendation to Dismiss Compl., *Ponder v. State of Georgia*, Case No. 1:18-cv-02762-LMM (N.D. Ga. June 15, 2018), ECF No. 2 ("Because I find and conclude that Ponder has stated no claims upon which relief may be granted in this Court, I **RECOMMEND** that all three cases [i.e., 1:18-cv-2761-LMM, 1:18-cv-2762-LMM, and 1:18-cv-2763-LMM] be **DISMISSED WITHOUT PREJUDICE** . . . ."); Order Dismissing Compl., *Ponder v. Georgia*, Case No. 1:18-cv-02762-LMM (N.D. Ga. July 16, 2018), ECF No. 6 (adopting recommendation to dismiss).   These cases may therefore also count as strikes pursuant to 28 U.S.C. § 1915(g).

In this complaint, Plaintiff alleges that officers in the Washington State Prison Annex beat him in March 2022. ECF No. 1-1 at 1–6. This is a past incident, which is not sufficient to satisfy the exception to the three-strikes rule. *See Medberry*, 185 F.3d at 1193. Moreover, Plaintiff is no longer in Washington State Prison and does not allege any future potential harm related to this incident. *See generally* ECF No. 1.

Thus, Plaintiff's complaint does not show that he was in imminent danger of serious physical injury when the complaint was filed. Accordingly, the Court now **DENIES** Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) and **DISMISSES** the complaint **WITHOUT PREJUDICE** pursuant to the three-strikes rule. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").

**SO ORDERED**, this 8th day of July, 2025.

S/Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**